TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55th Street
Los Angeles, CA 90037
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MR VAPE SMOKE SHOP d/b/a MR VAPES SMOKE SHOP and MUSTASEM YUSEF SARAMA,<br><br>　　　　　　　Defendants, | No. 1:23-cv-00282-DJC-DB<br><br>**MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS**<br>Date:　　　December 15, 2023<br>Time:　　　10:00 a.m.<br>Location:　501 I St., Courtroom 27, 8th Floor, Sacramento, CA 95814<br>Date Filed: November 1, 2023 |

Pursuant to Federal Rule 55(b)(2), the Plaintiff, GS HOLISTIC, LLC, moves this Court for entry of default judgment against the Defendants, MR VAPE SMOKE SHOP d/b/a MR VAPES SMOKE SHOP and MUSTASEM YUSEF SARAMA, in this action. The Defendants were served with the summons and Complaint but failed to file an answer or otherwise defend in this lawsuit. The Plaintiff now requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties ("Default Judgment"). The Default Judgment award includes Statutory Damages of $150,000, and Costs in the amount of $1,131.53 to be imposed against the Defendants.

**I.　　PRELIMINARY STATEMENT**

1

As a result of Defendants' failure to appear in this action and the subsequent entry of default against them, the material factual allegations set forth in the Plaintiff's Complaint must be accepted as true. Those allegations establish all of the necessary elements of the Plaintiff's claims for (i) willful trademark infringement of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1114; (ii) trademark counterfeiting of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a).

On the facts presented, it is also appropriate for the Court to grant the Plaintiff all relief requested in this motion, namely:

    a. Statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $150,000 ($50,000 per mark); and
    b. Costs in the amount of $1,131.53.

In sum, the Plaintiff seeks an award of statutory damages for Defendants' willful conduct, and an award of the Plaintiff's costs.

## II. STATEMENT OF FACT

    a. <u>The "STÜNDENGLASS" Trademarks and Plaintiff's Business</u>.

For approximately two years, the Plaintiff has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience. Compl. ¶ 9. Stündenglass branded

products embody a painstaking attention to detail, which is evident in many facets of authentic Stündenglass branded products. Compl. ¶ 9. It is precisely because of the unyielding quest for quality and unsurpassed innovation that Stündenglass branded products have a significant following and appreciation amongst consumers in the United States and internationally. Compl. ¶ 9.

As a result of the continuous and extensive use of the trademark "STÜNDENGLASS," GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark. Compl. ¶ 10

The Plaintiff has used the Stündenglass Marks in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing of glass infusers and accessories. Compl. ¶ 13.

The Stündenglass Marks are distinctive to both the consuming public and the Plaintiff's trade. GS's Stündenglass branded products are made from superior materials. The superiority of Stündenglass branded products is not only readily apparent to consumers, but to industry professionals as well. Compl. ¶ 14.

The Stündenglass Trademarks are exclusive to GS and appear clearly on GS's Stündenglass Products, as well as on the packaging and advertisements related to the products. Compl. ¶ 15. GS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting these Trademarks. Compl. ¶ 15. As a result, products bearing GS's Stündenglass Trademarks are widely recognized and exclusively associated by consumers, the

public, and the trade as being high-quality products sourced from GS. Compl. ¶ 15.

GS's Stündenglass Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Compl. ¶ 16. Because of these and other factors, the GS brand, the Stündenglass brand, and GS's Stündenglass Trademarks are famous throughout the United States. Compl. ¶ 16.

Since 2020, GS has worked to build significant goodwill in the Stündenglass brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion. Compl. ¶ 17.

In fact, Stündenglass Products have been praised and recognized by numerous online publications, as well as publications directed to the general public. Compl. ¶ 18.

At the time of this Complaint, the Plaintiff was the owner of federally registered and common law trademarks. The following is a list of the Stündenglass trademarks:

    a.    U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

    b.    U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified

4

in the registration in international class 034.

  c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

 b. <u>The Stündenglass marks are Counterfeiting Target</u>.

GS sells its products under the Stündenglass Marks to authorized stores in the United States, including in California. GS has approximately 3,000 authorized stores in the United States selling its products. As such, Stündenglass branded products reach a vast array of consumers throughout the country. Compl. ¶ 20.

It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. For example, a Stündenglass brand glass infuser is priced at $599.95, while a non-Stündenglass branded product is also being sold for up to $600, with a range of $199 to $600. Compl. ¶ 21.

<u>Defendants' Infringing Conduct and Failure to Litigate</u>.

The Defendants have engaged in continuous and systematic business in California and derive substantial revenue from commercial activities in California. Specifically, the Defendants have engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass branded glass infusers and related parts. Compl. ¶ 6.

The Defendants have sold goods with marks allegedly with Trademarks

registered to the Plaintiff. Compl. ¶ 25-26. The Defendants' acts constitute willful trademark infringement. Compl. ¶ 43. The Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by the Defendants. Compl. ¶ 42-43.

The Defendants have failed to respond to the Complaint or otherwise appear in this action.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against properly served Defendants who fail to file a timely responsive pleading. By such a default, all of the Plaintiff's well-pled allegations in the Complaint are deemed admitted. *See Assurance Co. of Am. v. MDF Framing, Inc.*, 2008 U.S. Dist. LEXIS 9865, at *7 (9th Cir. 2008). "A party's default conclusively establishes that party's liability although it does not establish the amount of damages" *Dillard v. Victoria M. Morton Enters.*, 2011 U.S. Dist. LEXIS 11134 at *13 (9th Cir. 2011). In determining damages, an evidentiary hearing is not required, instead, the Court may rely on the declarations submitted by the Plaintiff. *See Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494 (9th Cir. 2003) at *498. Factors that may be considered by the Court in exercising its discretion to enter default judgment include the following "*Eitel*" factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits

of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

**IV. DISCUSSION**

**A. Jurisdiction and Service of Process**

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). While evaluating the existence of jurisdiction, the court may resolve factual disputes by "look[ing] beyond the complaint" and considering "affidavits or other evidence properly brought before the court." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040, n.2 (9th Cir. 2003) (considering subject matter jurisdiction on a 12(b)(1) motion).

**1. Subject Matter Jurisdiction**

This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.). This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of

7

15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

**2. Personal Jurisdiction**

### a. Basis for Personal Jurisdiction

This Court has personal jurisdiction over the Defendants as the Defendant, MR VAPE SMOKE SHOP d/b/a MR VAPES SMOKE SHOP and MUSTASEM YUSEF SARAMA, is incorporated in and has its principal place of business in California. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). The Defendant, MUSTASEM YUSEF SARAMA, resides in California. The Defendants regularly conduct and solicit business in the State of California (including in this Judicial District). *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940); *Williams v. State of North Carolina*, 325 U.S. 226, 229 (1945).

### b. Service of Process

The Defendant, MR VAPE SMOKE SHOP d/b/a MR VAPES SMOKE SHOP was served with Complaint on March 2, 2023, via substitute service. [DE 4]. *See* Federal Rule of Civil Procedure 4(e)(2)(A).

The Defendant, MR VAPE SMOKE SHOP, was served with Complaint on July 3, 2023, via service upon the registered agent, MUSTASEM YUSEF SARAMA [DE 15]. *See* Federal Rule of Civil Procedure 4(h)(1)(B).

Therefore, service of process upon the Defendants is adequate for Default.

**B. Eitel Factors**

1. <u>Possibility of Prejudice to the Plaintiff</u>

The Plaintiff will suffer prejudice if this Court does not enter default judgment. Because the Defendants have not appeared in this action, default judgment is the only way in which Plaintiff may obtain relief for the infringement. *See Colony Ins. Co. v. Schmid*, 2020 U.S. Dist. LEXIS 164505, *5 (C.D. Cal. Sep. 9, 2020). Without the entry of default judgment, the Defendants will have escaped liability simply by not showing up. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal.2014). Therefore, this factor favors entry of default judgment.

2. <u>Merits of the Plaintiff's Claims and Sufficiency of the Complaint</u>

Together, the second and third Eitel factors test the allegations in the Plaintiff's Complaint and whether they state a claim on which the Plaintiff may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp. 2d 11 72, 11 75 (C.D. Cal. 2002). In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986).

   a. <u>Plaintiff's Complaint Establishes Defendants Liability for Trademark Infringement and False Designation of Origin</u>

Plaintiff's motion for default judgment focuses on two claims: trademark counterfeiting and infringement, and false designation of origin and unfair competition. To state a claim for trademark infringement or false designation of origin, Plaintiffs must establish that they own a "valid, protectable mark" and that

9

Defendants are using a "confusingly similar mark." *See Grocery Outlet, Inc. v. Albertson's, Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (per curiam) (citing 15 USC. § 1114(1)); *see also Brookfield Commc'ns, Inc. v. W Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *AK Futures LLC v. Smoke Tokes*, LLC, 2021 PVL 5359019, at *3 (C.D. Cal. Nov. 17, 2021) (false designation of origin claim analyzed using same elements as trademark infringement claim). A Plaintiff must show: (1) it has a protected ownership interest in the mark; and (2) the alleged infringer's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (internal quotation marks and citation omitted); 15 U.S.C. § 1114. The allegations in Plaintiff's complaint-which are taken as true-are sufficient to establish that both claims are meritorious.

First, the Plaintiff is the owner of three Stündenglass Trademarks. Compl. ¶¶ 11-12. Stündenglass Marks are registered with the USPTO. [Trademark registration certificate is attached and marked as Exhibit A.] This uncontested proof of registration conclusively establishes Plaintiff's protected ownership interest. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).

The Court in *136 Collins Ave. v. V.*, 2006 U.S. Dist. LEXIS 113130 at *6 (9th Cir. 2006) refers to the eight factor test first established by the Ninth Circuit Court in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (abrogated in part on other grounds by *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792 (9th

Cir. 2003)) to determine whether a "likelihood of confusion" exists between the parties allegedly related services. The eight-factor test includes: strength of the mark; relatedness of the goods or services; similarity of the marks; evidence of actual confusion; marketing channels used; the degree of care likely to be exercised by the purchaser; defendant's intent in selecting the mark; and likelihood of expansion into other markets.

Plaintiff has shown that the Defendants' use is likely to cause customer confusion. In counterfeiting cases, the Court assumes a likelihood of confusion when the offending mark is counterfeit or virtually identical to a protected mark and is used on an identical product or service. *See Louis Vuitton Malletier, S A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011); *Brookfield*, 174 F.3d at 1056 ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."). Here, Plaintiff alleges that Defendants sold goods that bore the Marks, without Plaintiffs consent. Compl. at ¶ 25-27. Specifically, on October 18, 2022, Defendants offered for sale a glass infuser with Stündenglass Marks affixed to it. *Id*. at ¶ 29-30. And an investigator for the Plaintiff purchased this item and upon inspection, Plaintiff determined that the product was a counterfeit good. *Id*. at ¶ 30-31. Plaintiff further alleges that Defendants' infringement was willful. *Id*. at ¶ 43. These allegations, if true, are sufficient to demonstrate a likelihood of confusion. Accordingly, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.

### 3. The Sum of Money at Stake

"Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 11 92, 1201 (C.D. Cal. 2018). Here, though damages are discussed further below, the Plaintiff requests damages based on the amount permitted by statute and as described in its Complaint. The amount requested is not unreasonable in light of the circumstances. Therefore, this factor weighs in favor of granting default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

This factor also favors entry of default judgment. After entry of default, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 11 72, 11 76 (C.D. Cal. 2002). Because the Defendants has not made any appearance in this case to contest any of the issues or assert any defenses, it is very unlikely that disputes as to material fact will arise. *See e.g., Colony Ins. Co.*, 2020 U.S. Dist. LEXIS at * 11. Therefore, this factor also weighs in favor of entry of default judgment.

### 5. Whether Defendants' Default was the Product of Excusable Neglect

This factor favors the entry of default judgment where the Plaintiff demonstrates that the Defendants have been properly served and is thus aware of the pending action. *See Wecosign, Inc. v. lFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the Plaintiff has properly shown that the Defendants

were properly served [DE 4, 15].

      6. <u>Public Policy Favoring Decisions on the Merits</u>

The final Eifel factor advises that "[c]ases should be decided upon their merits whenever reasonably possible." 728 F.2d at 1472. However, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Thus, this preference is not dispositive of entering default judgment when the other Eifel factors favor such, as is the case here. *See Id*.

As such, the factors set forth in *Eitel* weigh in favor of entering default judgment, and this Court should grant this motion and enter a default judgment against the Defendants.

**C. Relief Sought**

**1. Plaintiff is Entitled to Statutory Damages**

The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Moreover, it constitutes a false designation of origin which is likely to cause confusion and mistake as it will deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by the Plaintiff. As a result, the elements described by the court have been satisfied and statutory damages must be awarded.

The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part:

    In a case involving the use of a counterfeit mark (as

defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or(2) <u>if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.</u> (Emphasis added)

"A plaintiff who proves a violation of a registered trademark is entitled to recover its profits and any damages sustained. 15 U.S.C. § 1117(a). According to 15 U.S.C. § 1117(b), "in a case involving use of a counterfeit mark . . . the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater. . .."'" See *Mophie, I*nc. *v. Shah*, 2015 U.S. Dist. LEXIS 186868 (C.D. Cal. Feb. 9, 2015). Because the Defendants have refused to cooperate, as indicated through the failure to obtain counsel, and continue the litigation, it is not possible for the Plaintiff to obtain discovery to establish exact damages with certainty establish exact damages with certainty. While the Defendants probably have not sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more. In fact, at the time GS's investigator purchased the counterfeit product at Defendant's store, GS's investigator witnessed that the Defendants had placed for

sale on their shelf two other Studenglass bearing the Plaintiff's design and word Marks, besides the Studenglass sold to the investigator.

While actual damages to the Plaintiff may not be calculated with exact certainty, an assessment of damages has been completed by Plaintiff, GS HOLISTIC, LLC. *See* Folkerts Aff. As to Value of Damages; *see also* Folkerts Aff. as to Damages. GS HOLISTIC, LLC Owner, Chris Folkerts, states that the Plaintiff is seeking only a fraction of the actual losses to its business and that damages of $150,000.00 are reasonable since the actual damages to the business are far in excess of this amount. Folkerts Aff. as to Value of Damages ¶¶ 8,9, 15.

The Plaintiff have alleged that Defendants willfully infringed Plaintiffs mark. Compl. at ¶ 43. *See. Yelp Inc. v. Carroll*, 70 F. Supp. 3d 1082, 1101 (N.D. Cal. 2014) ("An allegation of willful trademark infringement is deemed true on default."). *See also*. LG Corp. v. Huang Xiaowen, No. 16-CV-1162 JLS (NLS), 2017 U.S. Dist. LEXIS 16611, at *19 (S.D. Cal. 2017) ("because default was entered against Defaulting Defendants, Plaintiffs' allegations that Defaulting Defendants were willful infringers of Plaintiffs' marks is taken as true."). Moreover, the Defendants have not cooperated in providing information from which the financial benefit of infringement can be calculated, since they have not appeared. If the Court were to award Plaintiff only minimal damages that would appear to send the message to infringers ignoring a lawsuit is a good strategy. Meanwhile, granting of the requested statutory damage award at this time will act to deter both this Defendant, and others,

from violating the Plaintiff's trademarks and otherwise violating the Plaintiff's rights with relative impunity. *Adobe Sys. v. Kern*, No. C 09-1076 CW (JL), 2009 U.S. Dist. LEXIS 123566, at *24-25 (N.D. Cal. 2009).

Further, in *Weaver v. Burger King Corp. (In re Weaver)*, 219 B.R. 890 (9th Cir. 1998), the Court states, "the case law of this Circuit makes clear that courts are vested with considerable equitable discretion in determining measure of damages for trademark infringement." *See Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.")

Based on the discretion this Court is given in Lanham Act cases such as this, the damages assessment of GS HOLISTIC, LLC, an award of $150,000.00 ($50,000 per Mark) is the appropriate amount of statutory damages that is well within the discretion of the Court to award. This amount not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands (even if informally presented). Here, the Defendants have willfully infringed on three of the Plaintiff's trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291, justifying $150,000.00 in statutory damages.

2. **Plaintiff is Entitled to Cost of the Litigation**

Pursuant to 15 U.S.C. § 1117, the Plaintiff is entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. The Plaintiff incurred costs in the total amount of $1,131.53, consisting of the filing fee ($402.00), the process server fee ($260.00), and the Plaintiff's investigation fees ($469.53). *See* Aff. Supp. Final Default J. ¶ 6.

### 3. Plaintiff is Entitled to Injunctive Relief

By the reasons explained in Plaintiff's Complaint and pursuant to 15 U.S.C. § 1116, the Plaintiff is entitled to injunctive relief. The Plaintiff requests that this Court enter an order which permanently enjoins MR VAPE SMOKE SHOP, and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit Stündenglass product identified in the complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof.

(b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

### 4. Plaintiff is Entitled to Destruction of Infringing Products

Pursuant to 15 U.S.C. §1118, the Plaintiff requests that this Court grant an order requiring the Defendants, at their cost, deliver to the Plaintiff for destruction

17

all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Marks.

## V. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ *Tomas Carlos Leon.*
Tomas Carlos Leon
CA Bar #321117
Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law
*Attorney for the Plaintiff*