UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MR VAPE SMOKE SHOP, et al.,<br><br>Defendants. | No. 1:23-cv-0282 DJC SCR<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Presently pending before the undersigned are Plaintiff GS Holistic, LLC's motions for default judgment against Defendants Mr Vape Smoke Shop d/b/a Mr Vapes Smoke Shop and Mustasem Yusef Sarama. ECF No. 24, 29.[1] To date, Defendants have not opposed Plaintiff's motions or otherwise appeared in this action.

Because Plaintiff has failed to establish the second and third factors for default judgment under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the undersigned recommends Plaintiff's

---

[1] Plaintiff filed a motion for default judgment on September 8, 2023, and a motion hearing was set for October 25, 2023, before Magistrate Judge Boone. ECF No. 24. On September 13, 2023, this case was reassigned to District Judge Calabretta and Magistrate Judge Deborah Barnes. ECF 26. On October 31, 2023, Magistrate Judge Barnes issued a minute order instructing Plaintiff to re-notice the motion considering the case reassignment. ECF No. 28. On November 1, 2023, Plaintiff re-filed and re-noticed the motion for default judgment. ECF No. 29. Because the two motions for default judgment appear to be identical, *compare* ECF No. 24 *with* ECF No. 29, this order will refer to and cite to the motion for default judgment filed as ECF No. 29.

1

motions be denied without prejudice, and the First Amended Complaint (FAC) be dismissed with leave to amend.

I.  **Background Facts and Procedural Posture**

Plaintiff is a company incorporated in Delaware with its principal place of business in California.  ECF No. 14 at ¶ 5.  Plaintiff makes and sells smoking products and is the registered owner of three "Stündenglass" trademarks:

1. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
2. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.
3. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

*Id.* at ¶¶ 8, 11 (collectively Plaintiff's Marks or Stündenglass Marks).

Defendant Mr Vapes Smoke Shop is a business incorporated in California and has its principal place of business in Modesto.  Id. at ¶ 6.  Defendant Mustasem Yusef Sarama is or was the owner, manager, and/or operator of Mr Vapes Smoke Shop.  Id. at ¶ 7.

Plaintiff alleges that on October 18, 2022, Defendant Mr Vapes Smoke Shop sold a glass infuser affixed with a Stündenglass Mark to Plaintiff's investigator.  *Id.* at ¶¶ 29-30.  "[I]mages and/or the physical unit of the product purchased from [Mr Vapes Smoke Shop] were inspected by [Plaintiff's] agent to determine authenticity." *Id.* at ¶ 31.  Upon inspection, Plaintiff "confirmed that the Glass Infuser" sold by Defendant Mr Vapes Smoke Shop to Plaintiff's agent "was a Counterfeit Good with an Infringing Mark affixed to it." *Id.*  The FAC alleges that the "marks are identical with, or substantially indistinguishable from, the Stündenglass Trademarks." *Id.* at ¶ 28.  The FAC does not state which of the three Stündenglass Marks was affixed to the glass infuser.  Nor does the FAC allege facts explaining how Plaintiff's agent confirmed the

2

1 infuser purchased was counterfeit.

2     Plaintiff asserts claims for "Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)" against Defendants. ECF No. 14 at 13-17. Defendants were served but failed to appear or respond, after which the clerk entered default. ECF Nos. 15-20. Plaintiff moved for default judgment on September 11, 2023, and again on November 1, 2023, seeking an award of $150,000.00 in statutory damages, an injunction, costs of $1,131.53, and other relief. ECF No. 29 at 1. Defendants have still not appeared in this matter. *See generally*, Civil Docket 1:23-cv-0282 DJC SCR.

## II.  Legal Standard

Default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 660, 616 (9th Cir. 2016).

Seven factors—known as the *Eitel* factors—govern a request for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *NewGen*, 840 F.3d at 617 (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261,

1267 (9th Cir. 1992) (citation omitted); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted).

### III. Discussion

#### A. Jurisdiction

"[A] district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" before entering default. *In Re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action arises under federal trademark law, 15 U.S.C. §§ 1051, *et seq*. The Court has personal jurisdiction over Defendant Mr Vapes Smoke Shop because it is incorporated in and has its principal place of business in California. ECF 14 at ¶ 6; ECF No. 29 at 8. Even though the FAC does not allege where Defendant Mustasem resides or generally does business, it alleges that he owns, operates, and manages Mr Vapes Smoke Shop. Defendant Mustasem was also served in this district. ECF No. 15. These facts are sufficient to establish the Court's personal jurisdiction over Defendant Mustasem under the minimum contacts and voluntary presence doctrines. *See Martinez v. Aero Caribbean*, 764 F3d 1062, 1067 (9th Cir. 2014).

#### B. Service of Complaint

"In reviewing a motion for default judgment, the Court must determine whether Defendant was properly served with the summons and complaint." *GS Holistic, LLC v. Shinwar*, No. 2:23-cv-0355 CSK, 2024 WL 3890082, at *8 (E.D. Cal. Aug. 20, 2024) (citing Fed. R. Civ. P. 4(c)). Under California law, "a summons may be served on a corporation by delivering a copy of the summons and the complaint" on an authorized agent, Cal. Civ. P. 416.10, and by personal delivery to the person to be served. Cal. Civ. P. 415.10. On July 3, 2023, at 6:08 p.m., a third-party process server properly served Defendants with the FAC. *See* ECF Nos. 15-17.

#### C. Stündenglass Marks Suits in Federal Courts

Before evaluating the *Eitel* factors, the undersigned notes that Plaintiff has brought many similar, if not identical, claims concerning the Stündenglass Marks against other defendants. *See GS Holistic, LLC v. Shinwar*, No. 2:23-cv-0355-CSK, 2024 WL 3890082, at *8 (E.D. Cal. Aug.

4

20, 2024) (collecting cases). Some judges have granted Plaintiff's motions for default judgment. *See GS Holistic, LLC v. Cloud City Discount Cigarettes*, No. 2:23-cv-0350 DAD JDP, 2024 WL 3441441, at *5 (E.D. Cal. July 17, 2024) (granting default judgment in part and limiting damages to $5,000), findings and recommendations adopted 2024 WL 3637485 (E.D. Cal. Aug. 2, 2024); *GS Holistic, LLC v. AA 110*, No. 2:22-cv-20377 WBS CKD, 2024 WL 2848455, at *7 (E.D. Cal. June 5, 2024) (same), findings and recommendations adopted 2024 WL 3396380 (E.D. Cal. July 12, 2024); *GS Holistic, LLC v. Nasher*, No. 1:23-cv-0285 KJM JDP, 2024 WL 1994707, at *1 (E.D. Cal. May 6, 2024) (same); *GS Holistic, LLC v. Habib's Disc.*, No. 1:23-cv-0288 DAD AC, 2023 WL 8644103, at *7 (E.D. Cal. Dec. 14, 2023) (granting motion for default judgment and awarding $75,000 in damages), report and recommendation adopted 2024 WL 495139 (E.D. Cal. Feb. 8, 2024). But most judges have found Plaintiff's allegations vague and conclusory, and therefore insufficient to satisfy the standard for default judgment. *See Shinwar*, 2024 WL 3890082, at *8 (denying motion for default judgment without prejudice because plaintiffs allegations were vague and conclusory and did not satisfy the second and third *Eitel* factors); *GS Holistic, LLC v. J's Smoke Shop, et al.*, No. 1:23-cv-0286 KJM KJN, 2024 WL 1054899, at *2 (E.D. Cal. Mar. 11, 2024) (same); *GS Holistic, LLC v. Kings Smokeshop*, No. 1:23-cv-0292 TLN KJN, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) (same); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, No. 22-cv-7199 MWF, 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) (same); *GS Holistic, LLC v. Ashes Plus Nine*, No. 22-cv-7101 LJC, 2023 WL 5993055, at *5 (N.D. Cal. Aug. 25, 2023) (same); *GS Holistic, LLC v. Puff+ LLC*, No. 2:22-cv-2035 DAD DB, 2024 WL 659362, at *3 (E.D. Cal. Feb. 16, 2024) (collecting cases where motion for default judgment was denied due to GS Holistic's insufficient pleadings and motion); *GS Holistic LLC, v. Puff N Go Gift Shop LLC, et al.*, No. 22-cv-7634 VKD, 2023 WL 4146232, at *4 (N.D. Cal. June 22, 2023) ("While GS [Holistic] addresses the *Eitel* factors in its motion for default judgment, its analysis is cursory and lacks specific analysis of how [GS Holistic's] factual allegations support its conclusions"), report and recommendation adopted, No. 22-cv-07634 EJD (N.D. Cal. Aug. 23, 2023); *GS Holistic, LLC v. Alien Smoke Shop*, No. 2:22-cv-5622 JLS DFM, 2023 WL 3402589, at *2 (C.D. Cal. Mar. 17, 2023) ("Particularly where, as here, a plaintiff seeks substantial

damages for alleged infringement, the Court is reluctant to enter default judgment based only on allegations that are lacking in detail.").

For the reasons stated below, the undersigned agrees with the cases finding Plaintiff's allegations to be vague and conclusory and that default judgment is not appropriate under the second and third *Eitel* factors.

### D. Application of *Eitel* Factors[2]

"The second and third *Eitel* factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are often analyzed together." *Johnson v. Qolor, LLC*, No. 21-cv-8475 RS, 2022 WL 3348589, at *1 (N.D. Cal. Aug. 12, 2022) (internal quotation marks and citations omitted); *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (E.D. Cal. 2010). As noted above, Plaintiff asserts claims for "Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)." ECF No. 14 at 12-17. To prevail on a claim for relief under either statute, Plaintiffs would have to prove that (1) "it has a protectible ownership interest in the mark," (2) the Defendant used of the mark, and (3) the Defendant's use of the mark "is likely to cause consumer confusion." *Dep't of Parks & Recreation for Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006) (citation omitted).[3]

#### 1. Valid Trademark

Registration of a mark "on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration." *Applied*

---

[2] Because Plaintiff fails to establish two important factors for determining whether default judgment should be granted, like other courts before it, the undersigned does not analyze all the factors at this time. Plaintiff, however, is informed that any subsequent motion for default judgment should address all seven *Eitel* factors.

[3] The "ultimate test" for false designation of origin under § 1125(a), as a type of unfair competition claim, is similar to infringement claims under § 1114: the public's likelihood of confusion. *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin claims); *Shinwar*, 2024 WL 3890082 (noting that analysis of both types of claims turns on likelihood of confusion).

*Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) (internal citation omitted). Here, Plaintiff has sufficiently alleged that he has three valid, protectable trademarks. *See* ECF No. 14 at ¶ 11(a)-(c). Because the FAC sufficiently alleges that three trademarks are federally registered to Plaintiff, the first prong of trademark infringement is adequately plead.

2. Defendants' Use of the Mark

The FAC lacks sufficient factual allegations to plausibly conclude Defendant used Plaintiff's Marks. The FAC states that on October 18, 2022, Plaintiff's investigator "purchased a Glass Infuser with a Stündenglass Mark affixed to it, from Mr Vapes Smoke Shop, for a cost of $404.53[.]" ECF No. 14 at ¶¶ 29-30. The FAC references three registered marks, *id.* at ¶ 11(a)-(c), and the motion for default judgment alleges Defendants used "three of the Plaintiff's trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291[.]" ECF No. 29 at 16. However, the FAC uses only the *singular* "a Stündenglass Mark" when describing the infuser purchased by Plaintiff's investigator. ECF No. 14 at ¶¶ 29-30. There is thus a lack of clarity in the FAC and the motion for default as to the number of infringed marks and, regardless of number, which ones were infringed.[4] *See J's Smoke Shop*, 2024 WL 1054899, at *2 (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *Shinwar*, 2024 WL 3890082, at *5 (same); *Pudasaini*, 2024 WL 710890, at *4 (N.D. Cal. Feb. 21, 2024) (same); *Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (C.D. Cal. Sept. 5, 2023)

The FAC also makes conclusory allegations as to the counterfeit nature of the infuser. "[I]mages and/or the physical unit of the product purchased from [Mr Vapes Smoke Shop] were inspected by [Plaintiff's] agent to determine authenticity." *Id.* at ¶ 31. This inspection "confirmed that the Glass Infuser … was a Counterfeit Good with an Infringing Mark affixed to it." *Id.* These "statement[s] provides no detail as to the process the agent used to confirm the similarities of the trademarks." *Shinwar*, 2024 WL 3890082, at *5. Plaintiff knows whether its

---

[4] Moreover, if more than one mark was applied to the infuser, Plaintiff has not explained how one product can bear trademarks associated with two different international classes of goods. ECF No. 14 at ¶ 11(a) (Mark associated with international class 011); ECF No. 14 at ¶ 11(b)-(c) (Marks associated with international class 034).

7

agent inspected the infuser through "images" or "the physical unit itself" (or through both methods).[5] Plaintiff's failure to explain what its agent did to inspect the infuser, including how that inspection could differentiate a counterfeit Stündenglass infuser from a bona fide Stündenglass infuser, combined with a boilerplate "confirm[ation]" of the infuser's counterfeit status, falls short of showing that its mark was infringed. "If, as other courts have noted, Defendant is merely reselling Plaintiff[] [GS Holistic's] products, this would not be infringement." *Shinwar*, 2024 WL 3890082, at *5.

The FAC is accordingly deficient for lack of necessary detail concerning Defendants' use of one of Plaintiff's marks.

### 3. Likelihood of Confusion

Under the test for likelihood of confusion, courts ask "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Grp. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) (citation omitted). To make this determination, courts look to the eight *Sleekcraft* factors: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024) (quoting *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), abrogated on other grounds by *Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792 (9th Cir. 2003)). There is a presumption of confusion, and courts need not engage in the *Sleekcraft* analysis if the plaintiff adequately alleges the use of a counterfeit mark. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011) ("The late comer who deliberately copies the dress of his competitors already in the field . . . raises a presumption that customers will be deceived." (citation omitted)).

---

[5] While parties are generally entitled to plead in the alternative, *see* Fed. R. Civ. P. 8(d), a Plaintiff must still go beyond "naked assertions devoid of further factual development." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

As explained above, the FAC fails to adequately plead Defendants' use of one of Plaintiff's Marks.  The FAC states "images and/or the physical unit of the product purchased from [Mr Vapes Smoke Shop] were inspected by [Plaintiff's] agent to determine authenticity." *Id.* at ¶ 31.  Upon inspection, Plaintiff "confirmed that the Glass Infuser" sold by Mr Vapes Smoke Shop to Plaintiff's agent "was a Counterfeit Good with an Infringing Mark affixed to it." *Id.*  And that the "marks are identical with, or substantially indistinguishable from, the Stündenglass Trademarks."  *Id.* at ¶ 28.  But Plaintiff fails to identify the specific genuine mark used by Mr Vapes Smoke Shop, provides no photographs of the identical marks, nor any details regarding the process used by their agent to confirm the similarities of the trademarks.  Mere assertions that the infuser sold at Mr Vapes Smoke Shop is a "counterfeit good with an infringing mark" are conclusory statements, which are not taken as true.  *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal conclusions in a complaint "merely because they are cast in the form of factual allegations"); *Shinwar*, 2024 WL 3890082, at *5-6 (denying GS Holistic's motion for default judgment in part because of the FAC's reliance on conclusory statements that the Defendant's agent confirmed the product sold by defendant was a counterfeit good with an infringing mark).

The FAC also fails to allege other facts from which the undersigned can infer a likelihood of confusion under the *Sleekcraft* factors.  For example, the FAC contains no photographs or product descriptions demonstrating the similarities between the marks, no allegations of actual confusion, no description of the marketing channels used, and no description of the degree of care consumers are likely to exercise in purchasing the goods.  Instead, Plaintiff makes only conclusory statements, such as: "[Mr Vapes Smoke Shop] used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers," ECF No. 14 at ¶ 37; the "[I]nfringing Mark affixed to [Mr Vape Spoke Shop's] Counterfeit Goods . . . is confusingly identical or similar to the Stündenglass Marks that GS affixes to its glass infusers," *id.* at ¶ 38; Defendants' infringing acts "have caused and are likely to cause confusion, mistake, and deception," *id.* at ¶ 42; "[t]he spurious marks or designations used by [Mr Vapes Smoke Shop] in interstate commerce are identical with, or substantially indistinguishable from, the Stündenglass

9

Marks on goods covered by the Stündenglass Marks," *id.* at ¶ 49; and "[t]he Defendants' unauthorized use of counterfeit marks of the registered Stündenglass Marks . . . is likely to cause confusion or mistake in the minds of the public," *id.* at ¶ 56. As stated above, such conclusory allegations lacking in factual support are insufficient for purposes of default judgment. *Paulsen*, 559 F.3d at 1071.

Because the FAC fails to sufficiently plead facts supporting trademark infringement and counterfeiting, or false designation of origin claims, Plaintiff has failed to satisfy the second and third *Eitel* factors and the undersigned recommends denial of Plaintiff's motion for default judgment.

### E. Allegations of Personal Liability

The undersigned shares the concerns regarding personal liability expressed by another judge of this Court in *Shinwar*, 2024 WL 3890082, at *7. To impute personal liability on a corporate officer, like Defendant Mustasem, or any other unnamed officer or director, Plaintiff must allege sufficient facts to support that Defendant Mustasem, or any other unnamed officer or director, "was the 'guiding spirit' behind the wrongful conduct" or "the 'central figure' in the challenged corporate activity." *Id.* (citations omitted). Here, Plaintiff's allegations against Mustasem, or any other unnamed officer or director, for personal liability are defective because they are entirely conclusory. *Id.*; ECF No. 14 at ¶ 7 (Mustasem "owned, managed, and/or operated Mr Vapes Smoke Shop, and regularly exercised the authority to purchase products for resale, decide which products Mr Vapes Smoke Shop offered for sale, to hire and fire employees, and controlled the finances and operations of Mr Vapes Smoke Shop"); ¶ 32 (Mustasem "authorized, directed, and/or participated in Mr Vapes Smoke Shop's offer for sale, in commerce, of the Counterfeit Goods," and that his acts "were the moving, active, and/or conscious force behind Mr Vapes Smoke Shop's infringement"); ¶¶ 43-47 (alleging Mustasem's "willful" acts caused damages); *see also id.* at 15-16 (requesting damages "jointly and severally for [Mustasem], and other officers, and directors, for the knowing participation in the [alleged] counterfeiting activities of Mr Vapes Smoke Shop"). This is an alternative reason to deny default judgment as to Defendant Mustasem.

### F. Leave to Amend

Given the deficiencies in the FAC identified above, the Plaintiff should be granted leave to amend. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) ("A district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleadings could not possibly be cured by the allegations of other facts." (brackets and citations omitted)). Should Plaintiff elect not to amend the FAC—which, as explained above, fails to adequately plead a claim for relief—the Court should *sua sponte* dismiss the complaint for failure to state a claim. *See Turan Petroleum, Inc. v. Ministry of Oil and Gas of Kazakhstan*, 406 F.Supp.3d 1, 4 n.1 (D.D.C. 2019) ("[A] court can sua sponte dismiss a complaint for failure to state a claim if taking all the material allegations of the complaint as admitted and construing them in the plaintiff[s'] favor, the court determines that the plaintiff[s'] complaint could not possibly entitle [them] to relief[.]") (cleaned up); *Akrura Pte. Ltd. v. Apero Tech. Group*, No. 2:23-cv-00102-JLS-KS, 2024 WL 2982971, at *2 (C.D. Cal. Apr. 16, 2024) ("Plaintiff's failure to file a renewed motion for default judgment or to timely amend its Complaint will result in dismissal of this action for failure to prosecute and to state a claim.").

### IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for default judgment (ECF No. 24, 29) be denied, and;

2. Plaintiff be granted leave to amend the FAC (ECF No. 14).

DATED: October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11